Chancellor Habpeb
delivered the opinion of the court.
The court is of opinion that the decree in this case must be affirmed. There is no difference of opinion, as to the length of time, which is necessary to raise the presumption of an ouster by one tenant in common of his joint tenant. It is urged that the possession of the defendant, during the minority of John H. Jerkies, ought either to be taken into account in computing the lapse of time, or that it is a circumstance to strengthen the presumption arising from the sixteen years possession, after he came of age. I think jt has not before been questioned, but. that the time during which the party to be affected has been under a disability, must be de» ducted m computing the lapse of time, in analogy to the statute of limitations. Such was the case of Riddlehoove vs. Kinnard, relied upon on the part of defendants. The rights of the parties, who were infants when possession was taken of the property, were saved by the decree. Such was the case of Henry vs. Stuart and Means, 2 Hill. 323. The decisions have been numerous and th© practice hamtual, and I am not aware of any doctrine or decision to the contrary. If it were otherwise, the consequence might follow which was suggested oy the complainant’s counsel. If the posses, sion were taken m ttie very early infancy of the other party, the title might be matured before his arriving at age, and before the statute of limitations had begun to run. So in the case of successive minorities. The evils complained of, or apprehended from this source, in keeping titles indefinitely suspended, would be effectually remedied by such a construction. But this time might as well be taken directly into account, as to serve for -strengthening the presumption *44 arising from a subsequent possession of less than twenty years. The decree is affirmed.
A. M. Smith, for motion.
De Teeviele, contra.
Filed 15th February, 1837.
WILLIAM HARPER,
We concur,
HENRY W. DESAUSSURE,
J. JOHNSTON,
DAVID JOHNSON-